NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RENAISSANCE BROADCASTING CORP.,<br><br>Debtor. | On Appeal from an Order for the United States Bankruptcy Court, District of New Jersey |
| RENAISSANCE BROADCASTING CORP.,<br><br>Appellant,<br><br>v.<br><br>GIRARD BANK and UNITED STATES TRUSTEE,<br><br>Appellee. | Civ. No. 83-3996<br><br>OPINION |

THOMPSON, U.S.D.J.

  This matter is before the Court on the motion of Donald C. McMeans ("McMeans") on behalf of Appellant Renaissance Broadcasting Corporation ("RBC"). McMeans seeks to vacate the U.S. Bankruptcy Court's October 7, 1983 Order directing the appointment of a Chapter 11 Trustee in RBC's bankruptcy case. (ECF No. 2). Appellee United States Trustee opposes. (ECF No. 3). For the reasons set forth in this opinion, the motion to vacate will be denied.

BACKGROUND

  Because extensive legal proceedings have occurred in this matter, only those relevant to the present motion will be discussed. Donald C. McMeans is the founder and primary shareholder of Appellant Renaissance Broadcasting Corporation ("RBC"). In 1980, RBC

1

attempted to establish a television station in southern New Jersey, and shortly thereafter, was authorized to operate a broadcast license by the Federal Communications Commission ("FCC"). However, RBC encountered financial difficulties.  Due to these financial difficulties, RBC's primary lender filed a petition to appoint a receiver for the company in late 1981.  The Superior Court of New Jersey appointed a receiver and enjoined RBC and its officers and agents, including McMeans, from exercising any control over the company.

RBC filed for Chapter 11 bankruptcy on September 28, 1983, creating a bankruptcy estate and returning control of the company to McMeans.  McMeans petitioned the FCC for the return of RBC's broadcast license from the receiver.  The United States Trustee moved the U.S. Bankruptcy Court for the appointment of an independent trustee, alleging that McMeans was not authorized to operate the business due to the receivership order.  McMeans opposed, and argued that the Bankruptcy Court should not take action until the situation involving RBC's broadcast license was resolved by the FCC.  However, the Bankruptcy Court found that it was appropriate to appoint a Chapter 11 trustee without waiting for the resolution of the broadcast license transfer.  So on October 7, 1983, the Bankruptcy Court entered an order appointing a Chapter 11 trustee ("Trustee Order").  *In re Renaissance Broadcasting Corp.*, No. 83-5545 (Bankr. D.N.J. Oct. 7, 1983) (order directing the United States Trustee to appoint a Chapter 11 trustee).  Shortly thereafter, the FCC approved the transfer of the broadcast license to the Chapter 11 trustee, rather than to McMeans.

McMeans appealed the Trustee Order, and on December 7, 1983, the U.S. District Court affirmed the Bankruptcy Court's decision.  *In re Renaissance Broadcasting Corp.*, No. 83-2996 (D.N.J. Dec. 7, 1983) (order affirming the Bankruptcy Court's Trustee Order).  McMeans filed a notice of appeal to the Third Circuit, which he subsequently withdrew.  As part of the bankruptcy

proceedings, RBC's assets—including the broadcast license—were sold for $3 million, over McMeans' objections. Subsequently, in 1985, McMeans filed a civil rights complaint in the District of New Jersey, alleging among other claims that several parties involved in the bankruptcy proceedings had conspired to deprive McMeans of various civil rights. On July 1, 1985, this Court dismissed the complaint as to the bankruptcy defendants, ruling that

> The facts as to the appropriateness of the appointment of a trustee have been aired in the Bankruptcy proceeding. The Bankruptcy Court granted the motion to appoint a trustee, and that decision was affirmed by the District Court. . . . No appeal was taken. Therefore, plaintiff cannot now attack those decisions in a collateral proceeding.

*McMeans v. Township of Waterford*, No. 85-1782, slip op. at 13 (D.N.J. July 1, 1985). In July 1990, the civil rights action went to trial, and this Court granted the defendants' motion for a directed verdict against McMeans.

In 1995, McMeans attempted to resurrect his civil rights action by filing a motion requesting that this Court vacate a number of orders, including the Trustee Order. On October 3, 1995, the Court denied the relief requested, finding among other conclusions, that McMeans had not made the requisite showing under Federal Rule of Civil Procedure 60(b)(4) as his allegations were "mere restatements of earlier contentions which have been litigated fully or could have been litigated fully." *McMeans v. Township of Waterford*, No. 85-1792, slip op. at 4 (D.N.J. Oct. 3, 1995). McMeans appealed, and the Third Circuit granted a summary affirmance. McMeans' petition for rehearing en banc, as well as a petition for a writ of certiorari, were denied.

On October 29, 2004, McMeans again returned to the Bankruptcy Court, filing a motion to re-open the RBC bankruptcy case, as well as another motion to vacate the Trustee Order. The motions were assigned to this Court because McMeans sought to withdraw the reference of the bankruptcy case to the Bankruptcy Court. In an order entered on April 3, 2006, this Court denied

3

McMeans' motions with prejudice, finding them to be "untimely and without merit." *In re Renaissance Broadcasting Corp.*, Civ. No. 05-4879 (D.N.J. Apr. 3, 2006) (order denying various motions made by Plaintiff). McMeans appealed, and the Third Circuit once again granted a summary affirmance.

On November 24, 2015, McMeans filed a notice of appeal on behalf of RBC, once again moving to vacate the Trustee Order. McMeans seeks to vacate the Trustee Order pursuant to 28 U.S.C. § 2106 and Rules 12(h)(3) and 60(b)(4) and (5) of the Federal Rules of Civil Procedure. This motion is presently before the Court.

## DISCUSSION

As the Government notes, the arguments contained in McMeans' motion have been made numerous times over several decades, and in every instance, they have been rejected by this Court and the Third Circuit. Therefore, the Court finds that McMeans' request for relief is barred by the doctrine of res judicata. Res judicata prevents plaintiffs from re-litigating claims that have already been disposed of on the merits. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). It also bars claims that could have been brought in a previous action. *Id.* Federal law applies res judicata when three elements are met: (1) a final judgment on the merits, (2) the same parties or their privies, and (3) a later suit based on the same cause of action. *Id.* Causes of action are the same when there is an "essential similarity of the underlying events giving rise to the various legal claims." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (quoting *United States v. Athlone Indus.*, 746 F.2d 977, 984 (3d Cir. 1984)). The normal rules of res judicata also apply in Bankruptcy Court. *Katchen v. Landy*, 382 U.S. 323, 334 (1966).

4

All three elements of res judicata are met in this case.  McMeans received a final judgment on the merits on the issue of the Trustee Order from the Bankruptcy Court on October 7, 1983.  The U.S. District Court affirmed the Trustee Order, and the appeal to the Third Circuit was withdrawn.  Moreover, McMeans received additional judgments noting that the issue of the Trustee Order had been fully resolved in proceedings in this Court in 1985, 1995, and 2006.  Now, McMeans brings another suit based on the same cause of action, the issuance of the Trustee Order.  The case involves the same parties as the earlier bankruptcy litigation: McMeans on behalf of RBC and the United States Trustee.  Given that all three elements of res judicata are met, Appellant's request is barred, and the motion will be denied.

## CONCLUSION

For the reasons above, the motion to vacate the Bankruptcy Court's October 7, 1983 Trustee Order will be denied.  A corresponding order follows.

*/s/ Anne E. Thompson*
Anne. E. Thompson, U.S.D.J.